## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICAH ASHER JEFFERSON, #M27640    ) | |
| ) | |
| Plaintiff,    ) | |
| vs.    ) | Case No. 20-cv-00579-RJD |
| ) | |
| OFFICER KESSLER, and    ) | |
| DR. BROOKHART,    ) | |
| ) | |
| Defendants.    ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:[1]**

Plaintiff Micah Asher Jefferson, an inmate of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Lawrence Correctional Center ("Lawrence)." He asserts violations of the Eighth and Fourteenth Amendments and seeks monetary damages. (Doc. 1)

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a Magistrate Judge and the Illinois Department of Corrections' limited consent to the exercise of Magistrate Judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1):   Plaintiff was moved to a cell in segregation in November 2019 that was filthy, infested with spiders, and the toilet had a black mold ring with a strong urine stench. He asked Officer Kessler for some supplies to clean the cell. Kessler told him inmates are given pink soap once a week. Plaintiff told him he did not have a towel for cleaning. Kessler told him to either use his face towel or deal with it and, that if he did not like the conditions, he should stay out of segregation. Plaintiff also told Kessler that he had asthma.

Plaintiff had to live in the cell for over two months. During that time, he became sick and struggled with breathing. He constantly complained to Kessler but was refused any help. Kessler denied Plaintiff the use of his inhaler and he often had to wait until second shift for an officer to bring his inhaler to him.

Plaintiff wrote many grievances and request slips to Warden Brookhart about the living conditions but she refused to help. Plaintiff went on a hunger strike to protest the living conditions and was given a disciplinary ticket. He was punished with six months of segregation and grade demotion. Despite knowledge of the unsanitary and unhealthy living conditions, Warden Brookhart signed off on the action taken in the disciplinary proceedings.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action:

**Count 1:**     **Eighth Amendment unconstitutional conditions of confinement claim against Kessler and Brookhart.**

**Count 2:**      **Eighth Amendment deliberate indifference to a serious medical needs claim against Kessler and Brookhart for leaving Plaintiff in a cell under conditions that aggravated his asthma and caused him to be sick and struggle with breathing and denying Plaintiff use of his inhaler.**

**Count 3:**      **Fourteenth Amendment due process claim against Brookhart for approving disciplinary action.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prisoners are entitled to "the minimal civilized measure of life's necessities," including adequate shelter. *Farmer v. Brennan,* 511 U.S. 825, 833–34 (1994). The allegations are sufficient to proceed on the unconstitutional conditions of confinement claim against Kessler.

Additionally, the claim will proceed against Brookhart to the extent she knew about the alleged unconstitutional conduct and approved, condoned, or turned a blind eye to it. *See Perez v. Fenoglio*, 792 F.3d 786, 781-82 (7th Circ. 2015) (holding prison officials may be subject to liability if they obtained actual knowledge of an alleged constitutional

violation through detailed grievances and other correspondence and failed to exercise their authority to intervene on the plaintiff's behalf to rectify the situation, suggesting they either approved of or turned a blind eye to the allegedly unconstitutional treatment).

### Count 2

An Eighth Amendment deliberate indifference to a serious medical need claim requires a plaintiff to show that (1) his medical condition was sufficiently serious, and (2) the defendant acted with deliberate indifference to his medical need. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The Complaint sets forth sufficient allegations to proceed on the deliberate indifference claim against Kessler and against Brookhart to the extent she knew about the alleged unconstitutional conduct and approved, condoned, or turned a blind eye to it. *Perez*, 792 F.3d at 781-82.

### Count 3

To state a procedural due process claim under the Fourteenth Amendment, Plaintiff must show that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing this claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id.*  In a prison disciplinary proceeding, an inmate is entitled to (1) advanced written notice of the charge against him; (2) the right to appear before an impartial hearing panel; (3) the right to call witnesses and present documentary evidence if prison safety allows; and (4) a written statement of the reasons for the

4

discipline imposed. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974).

Here, Plaintiff has not alleged any violations of the *Wolff* requirements in the disciplinary proceedings. Further, Brookhart merely gave administrative approval to the disciplinary action, she was not personally involved in conducting the hearing. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted). Signing off on a disciplinary report does not rise to the level of personal involvement necessary for liability to attach. Accordingly, Count 3 will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 2 will proceed against Kessler and Brookhart. Count 3 is **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Kessler and Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 16, 2020**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

### Notice to Plaintiff

      The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.