IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICAH JEFFERSON ASHER, #M27640 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEE DEE BROOKHART and STEPHEN )<br>KESSLER, )<br>)<br>Defendants. ) | Case No. 20-cv-579-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections at Western Illinois Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983. He alleges that Defendants subjected him to unconstitutional conditions of confinement in segregation at Lawrence Correctional Center in November and December 2019, violating his Eighth Amendment rights. This matter comes before the Court on various motions filed by Plaintiff.

**Motion to Compel**

Plaintiff asks the Court to Compel Defendants to produce video camera footage taken of Plaintiff in segregation by Internal Affairs in November 2019. Plaintiff refers the Court to a grievance he submitted on December 1, 2019 that stated "I need that camcorder footage preserved and made available to me so that I can prove in court that my hunger strike had nothing to do with 'holiday' shop." He received a response from his counselor that simply stated "only attorneys may request camera footage." Plaintiff sent Requests for Production to Defendants in August 2021 pursuant to Federal Rule of Civil Procedure 34, requesting the footage. Defendants

responded that they do not possess any video footage responsive to the request.  In response to Plaintiff's Motion to Compel, counsel for Defendants represents to the Court that she asked the Illinois Department of Corrections whether such camera footage exists, and was told that the IDOC does not "currently possess responsive video footage."  The Court cannot compel Defendants to produce something they do not have.  Plaintiff's Motion to Compel (Doc. 37) is DENIED.

**Motion for Protective Order**

Plaintiff transferred to Western Illinois Correctional Center ("Western") in October 2021 (Doc. 34).  He represents to the Court that in April 2022, an officer pushed him into a wall during a "shake down" and said [Defendant] Kessler "was a 'good guy' or 'one of the good guys.'" Plaintiff asks the Court to order his transfer to another prison because he believes he is not safe at Western Illinois.

Plaintiff is essentially asking this Court to enter a mandatory preliminary injunction, an extraordinary remedy that can only be granted if it is "of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*).  Here, Plaintiff's allegations in the Motion for Protective Order (that an officer at Western pushed him against the wall and referenced Defendant Kessler) are completely unrelated to the issues in the underlying suit (the condition of Plaintiff's segregation cell at Lawrence).  Consequently, Plaintiff's Motion for Protective Order (Doc. 49) is DENIED.

**Motions for Status**

Both Plaintiff and Defendants have filed Motions for Summary Judgment (Docs. 35 and 43), and Plaintiff has inquired regarding the status of those motions (Docs. 52 and 53). The Court intends to issue rulings on those motions as soon as possible.

IT IS SO ORDERED.

DATED:   August 9, 2022

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**