IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICAH ASHER JEFFERSON, #M27640 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-579-RJD |
| | ) | |
| DEE DEE BROOKHART and STEPHEN KESSLER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate within the Illinois Department of Corrections ("IDOC"), filed this suit pursuant to 42 U.S.C. §1983, alleging Defendants violated his Eighth Amendment rights of the U.S. Constitution. Plaintiff was placed in segregation at Lawrence Correctional Center ("Lawrence") in November 2019 (Doc. 1). He alleges that his cell in segregation was filthy, which exacerbated his asthma (*Id*.). He also did not have constant access to his inhaler (*Id*.).

After the Court conducted a threshold review pursuant to 42 USC §1915A, Plaintiff's case proceeded on the following claims:

> Count 1: Eighth Amendment unconstitutional conditions of confinement claim against Defendants Brookhart and Kessler.
>
> Count 2: Eighth Amendment deliberate indifference claim against Brookhart and Kessler for leaving Plaintiff in a cell that exacerbated his asthma and for denying him access to his inhaler.

This matter now comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. 35), to which Defendants responded (Doc. 48). Defendants filed their own Motion for Summary Judgment (Doc. 43), to which Plaintiff responded (Doc. 47).

## UNDISPUTED MATERIAL FACTS

On November 25, 2019, Plaintiff was sent to cell #A-17 in segregation at Lawrence. At that time, Defendant Brookhart was the warden at Lawrence and Defendant Kessler was a correctional officer. Consistent with normal practices in segregation at Lawrence, Plaintiff's inhaler stayed at the officers' desk near the entrance of the wing. He had to ask officers to bring it to him. At his deposition, Plaintiff testified that Defendant Kessler refused to bring him the inhaler on 10-15 occasions (Doc. 44-1, p. 56). On those occasions, Plaintiff would open the window in his cell and lie down to recover. Plaintiff submitted an affidavit from another inmate who confirmed that multiple times in December 2019, Plaintiff asked Defendant Kessler for his inhaler and Defendant Kessler refused to bring it to him (Doc. 47, p. 16).[1] Plaintiff further testified that he used his inhaler every day or "every other day"; he did not receive any urgent or emergent medical treatment for his asthma while he was in cell #A-17 (*Id.*, p. 53, 56). Plaintiff was transferred to a different cell on February 6, 2020.

Plaintiff saw approximately 7-8 spiders a day when he was in segregation. He received a cup of pink soap 1-4 times a month to clean his cell. Plaintiff testified that he sent request slips to Defendant Brookhart, informing her that "there was a lot of dust in the vents, there was a mold ring [in the toilet] giving off a urine stench, and there was feathers and birds…and dust and spiders and things all in the cell" and asking for cleaning supplies (*Id.*, p. 60-61). He did not mention the lack of access to his inhaler in the request slips, nor did he mention it in grievances regarding the sanitary conditions in his cell that were ultimately signed by Defendant Brookhart (*Id.*, p. 60-62; Doc. 35, pp. 12-21). Plaintiff did, however, mention in a grievance that he was receiving

---

[1] Defendant Kessler did not dispute the allegations in the affidavit.

medications for allergies and asthma (Doc. 35, p. 15). Plaintiff testified that he told Defendant Kessler about the cleanliness issues "countless" times (*Id.*, p. 38).

### Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Count I: Unconstitutional conditions of confinement (8th Amendment)**

Subjecting a prisoner to inhumane conditions violates "the essence of the Eighth Amendment." *Thomas v. Blackard*, 2 F. 4th 716, 720 (7th Cir. 2021) (*citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To prevail on this claim, Plaintiff must establish that: 1) he was denied "the minimal civilized measure of life's necessities" (an objective inquiry) that created "an excessive risk to the inmate's health and safety" and 2) Defendants "knew of and disregarded this excessive risk of harm" to Plaintiff (a subjective inquiry). *Id*. (internal citations omitted). Prison

officials must "provide 'reasonably adequate ventilation, sanitation, bedding, hygienic materials.'" *Id*. (*quoting Gills v. Litscher*, 468 F.3d 493 (7th Cir. 2006)).

Viewing all the evidence in the light most favorable to Plaintiff, the Court cannot infer that the conditions of his cell were inhumane.  Undesirable, certainly, but not an excessive risk to his health and safety.  There was a lot of dust in the vents and bird droppings around the window shutters which Plaintiff could not access to clean, but still affected the air flow in his cell (Doc. 47, p. 1, 2).  Plaintiff nonetheless had adequate ventilation; when he had an asthma attack, he was able to recover even without his inhaler by opening a window and lying still.   The toilet required a deep cleaning, but at least once a month Plaintiff received cleaning solvent.   Plaintiff's description of his cell is a far cry from cases where inmates had either no mattresses, or mattresses covered in human excrement, and/or walls and floors covered in human excrement-conditions for which a cup of solvent would clearly not be sufficient. *Id*. (*citing Vinning El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007).   As for the presence of 7-8 spiders a day in Plaintiff's cell, the record is devoid of any specific risk of harm posed by these spiders and therefore does not constitute an unconstitutional condition of confinement. *See Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015).

Plaintiff has failed to establish that a genuine issue of material fact exists regarding the objective component of his Eighth Amendment claim in Count 1.  Neither the evidence in the record nor reasonable inferences regarding that evidence reflect that he was denied the minimal civilized measure of life's necessities in cell #A-17.   Defendants are entitled to summary judgment in their favor on Count I.

**Count II: Deliberate indifference (8th Amendment)**

Asthma "can be" and is frequently considered an objectively serious condition that invokes the Eighth Amendment.  *Board v. Farnham*, 394 F.3d  469, 484 (7th Cir. 2005).   However, to

prevail on Count II, Plaintiff must meet the subjective component of an Eighth Amendment claim and establish that Defendants Brookhart and Kessler "consciously disregarded a substantial risk of harm" to Plaintiff because he did not have constant access to his inhaler in segregation, and because the conditions in his cell exacerbated his asthma.  *See Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022).   Pursuant to the prison's normal practice, Plaintiff's inhaler was kept with the officers.  To use the inhaler, he had to request it and an officer had to bring it to him.    Plaintiff uses his inhaler every day or every other day.  Plaintiff was in cell #A-17 for 10 and a half weeks.  Defendant Kessler denied him his inhaler 10-15 times during those 10 and a half weeks.

When Kessler denied Plaintiff the inhaler, Plaintiff recovered by opening the window and lying still; Plaintiff describes the act of opening the window and lying still as the way he "conserve[d] oxygen" and that he was "struggling to survive" (Doc. 47, p. 4, 5).  Despite this description, however, he never received any medical treatment for his asthma during the time he was in #A-17.  On these facts, a factfinder could not reasonably infer that Defendant Kessler was subjectively aware that his refusal to bring Plaintiff his inhaler 10-15 times over the span of 10 and a half weeks posed a substantial risk of harm to Plaintiff.  A prison official is not deliberately indifferent simply because he knows an inmate has asthma and he refuses to give the inmate his requested accommodation or treatment for asthma.  *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007); *Lee v. Young*, 533 F.3d  505, 511 (7th Cir. 2008).  The affidavit from another inmate only mentions that Plaintiff asked Defendant Kessler for his inhaler, not that Plaintiff exhibited any type of symptoms that suggest Plaintiff was facing a substantial risk of harm if he was denied the inhaler (Doc. 47, p. 16).   As for the symptoms Plaintiff *does* describe, he was able to recover on his own with no medical treatment.

Regarding Defendant Brookhart, Plaintiff contends that she was aware he was denied the

inhaler because of the requests slips he submitted to her and because she reviewed his grievances. Neither the grievances nor the request slips mention Plaintiff's lack of access to the inhaler, nor Defendant Kessler's refusal to bring Plaintiff his inhaler 10-15 times.   Defendant Brookhart was aware of the policy that inmates in segregation cannot keep their inhalers with them in their cell (Doc. 33, p.1), but none of the evidence suggests she was aware Defendant Kessler refused to bring Plaintiff his inhaler 10-15 times.

As for the dust and bird droppings in cell #A-17 exacerbating Plaintiff's asthma, there is likewise no evidence that Defendants were deliberately indifferent to Plaintiff because they did not transfer him to a different cell.  *See Lee*, 533 F.3d at 511.  As discussed regarding Count I, Plaintiff failed to establish that cell #A-17 posed a substantial risk of harm to his health.  His testimony regarding the dust and bird droppings does not meet the objective component required for an Eighth Amendment Claim.  Accordingly,  Defendants are also entitled to summary judgment on Count II.

## CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc 35) is DENIED.  Defendants' Motion for Summary Judgment (Doc. 43) is GRANTED.  Plaintiff's claims against Defendants Kessler and Brookhart are DISMISSED WITH PREJUDICE and the Clerk of Court is directed to enter judgment accordingly.  All pending motions are denied as moot and all upcoming court settings are vacated.

**IT IS SO ORDERED.**

**DATED:   September 26, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**