IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICAH ASHER JEFFERSON, #M27640 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-579-RJD |
| | ) | |
| DEE DEE BROOKHART and STEPHEN KESSLER, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate within the Illinois Department of Corrections ("IDOC"), filed this suit pursuant to 42 U.S.C. §1983, alleging Defendants violated his Eighth Amendment rights of the U.S. Constitution. Plaintiff was placed in "cell A, Lower 17" in segregation at Lawrence Correctional Center ("Lawrence") in November 2019. Doc. 44-1, p. 33. He alleged that A-17 was filthy, which exacerbated his asthma. *Doc. 1*. He also did not have constant access to his inhaler. *Id*. Plaintiff's case consisted of two claims against both Dee Dee Brookhart (warden at Lawrence) and Stephen Kessler (correctional officer): (1) unconstitutional conditions of confinement related to the condition of his cell in segregation; (2) deliberate indifference to Plaintiff's asthma while he was in segregation. Doc. 10.

This Court granted summary judgment in favor of Defendants on September 26, 2022, finding that there was no genuine issue of material fact regarding whether Defendants violated Plaintiff's Eighth Amendment rights in Count I or Count II. Plaintiff filed a Notice of Appeal on October 11, 2022 and then the instant Motion to Reconsider (Doc. 78), which the Court construes

under Federal Rule of Civil Procedure 60(b).  *Word Seed Church v. Village of Homewood*, 43 F. 4th 688, 690 (7th Cir. 2022).   Rule 60(b) motions can be entertained by the district court even after a notice of appeal is filed.  *Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 371 (7th Cir. 1991).

A Rule 60(b) motion is only granted in "extraordinary circumstances."  *Word Seed Church*.  Plaintiff contends that the undersigned mistakenly reviewed the evidence submitted in support of summary judgment.  First, Plaintiff points the Court to two grievances signed by Defendant Brookhart in January 2020.  The Court referenced those grievances in the summary judgment order.  Doc. 56, p. 2, ¶2.  In his Motion to Reconsider, Plaintiff claims that the Court "said [Defendant Brookhart] did not sign those grievances."  This claim is simply incorrect. The Court noted that Plaintiff's lack of access to his inhaler was not mentioned "in the grievances regarding the sanitary conditions in his cell *that were ultimately signed by Defendant Brookhart*." *Id*.

Plaintiff also contends that the Court erred in finding that when Defendant Kessler refused to retrieve Plaintiff's inhaler for him, Plaintiff's asthma attacks resolved without medical intervention.  Plaintiff is presumably referring to this portion of the Court's Order:

> When Kessler denied Plaintiff the inhaler, Plaintiff recovered by opening the window and lying still; Plaintiff describes the act of opening the window and lying still as the way he "conserve[d] oxygen" and that he was "struggling to survive" (Doc. 47, p. 4, 5). Despite this description, however, he never received any medical treatment for his asthma during the time he was in #A-17.  On these facts, a factfinder could not reasonably infer that Defendant Kessler was subjectively aware that his refusal to bring Plaintiff his inhaler 10-15 times over the span of 10 and a half weeks posed a substantial risk of harm to Plaintiff.  A prison official is not deliberately indifferent simply because he knows an inmate has asthma and he refuses to give the inmate his requested accommodation or treatment for asthma.  *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir.

> 2007); *Lee v. Young*, 533 F.3d 505, 511 (7th Cir. 2008). The affidavit from another inmate only mentions that Plaintiff asked Defendant Kessler for his inhaler, not that Plaintiff exhibited any type of symptoms that suggest Plaintiff was facing a substantial risk of harm if he was denied the inhaler (Doc. 47, p. 16). As for the symptoms Plaintiff *does* describe, he was able to recover on his own with no medical treatment.

In his Motion to Reconsider, Plaintiff clarifies that he *did* need medical treatment to recover from the attacks where Kessler refused to get his inhaler. Plaintiff points to the passage in his deposition in which he testified that when Defendant Kessler would refuse to get his inhaler, Plaintiff would "sit down on the bed, open up the window…and the fresh air would just keep me okay enough until the next shift come in, just not move a lot, not talk, just conserve my oxygen." Doc. 78, p. 5, 6. Then, at the next shift, Plaintiff would tell the officers "Kessler wouldn't give me my inhaler. Can you pass my inhaler?" *Id*., p. 6. The officers "would go get it…I'd take two or three puffs…and I'd be fine." *Id*.

Plaintiff explains in his Motion to Reconsider that the inhaler was medical treatment, and so the Court erred when it said Plaintiff "was able to recover on his own [from the asthma attacks] with no medical treatment." The undersigned acknowledges that an albuterol inhaler is a form of medical treatment. However, when the Court said Plaintiff recovered "on his own with no medical treatment," the Court was referring to Plaintiff's testimony that during the three months he was in Cell A-17, Kessler refused to bring him his inhaler approximately 15 times-yet Plaintiff managed his symptoms without any medical treatment (emergent or otherwise) *by healthcare staff* for his asthma. Doc. 44-1, pp. 56, 63.

Motions under Rule 60(b) are only granted under extraordinary circumstances. Plaintiff has failed to establish that any circumstances exist to alter the Court's summary judgment Order.

Plaintiff's Motion to Reconsider is therefore DENIED.

However, Plaintiff also asks the Court to withdraw the costs taxed by the Clerk of Court in favor of Defendants.  As the prevailing parties, Defendants submitted their Bill of Costs on October 6, 2022.  Doc. 58.  Plaintiff did not object within 14 days, and therefore on October 21, 2022 the Clerk taxed Defendants' costs against Plaintiff.  Docs. 60, 71.  Plaintiff then asked the Court to allow him more time to obtain his prison trust fund balance so he could show that he is unable to pay Defendants' costs.  Doc. 72.  Defendants filed no objection. The Court allowed Plaintiff until January 9, 2023 to file objections to the Bill of Costs.  Doc. 77.  On December 27, 2022, Plaintiff submitted his trust fund balance, reflecting that his only source of income during the previous two months was twenty-six cents received as payroll.  Doc. 78, p. 8.  Plaintiff asked the Court to find that he was unable to pay Defendants' costs; Defendants did not object.

Under Federal Rule of Civil Procedure 54(d)(1), costs are awarded to the prevailing party unless a statute, rule, or court order provides otherwise.  The Court has discretion to deny the prevailing party costs if the losing party is "incapable of paying the court-imposed costs at this time or in the future."   *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).  Plaintiff's trust fund reflects that he has virtually no source of income. His projected parole date is 2056.[1] The Court finds that Plaintiff is incapable of paying Defendants' costs at this time or any time in the future.  The Court also considers that Plaintiff's claims in this matter were not frivolous. *See id*. at 635.  Plaintiff's Objection to the Bill of Costs is SUSTAINED because he is indigent, and Defendants' Bill of Costs is DENIED.

---

[1] See IDOC Inmate Locator,  https://idoc.illinois.gov/offender/inmatesearch.html (last accessed September 12, 2023).

**IT IS SO ORDERED.**

**DATED:** September 12, 2023

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**